IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD M. TOWNS, an individual, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| TOM'S TRANSPLANTING, L.L.C. a Nebraska limited liability company, JOHN C. CZARNEK, and GRAND ISLAND EXPRESS, INC., a Nebraska Corporation | |
| Defendants. | |

Plaintiff Edward M. Towns, by his attorneys, Rembolt Ludtke LLP and Ronald L. Brown, for his causes of action against Defendants Tom's Transplanting LLC and John C. Czarnek, alleges and states:

### REQUEST FOR JURY TRIAL IN LINCOLN, NEBRASKA

1. Plaintiff requests a jury trial in Lincoln, Nebraska.

### PARTIES

2. Edward M. Towns ("Plaintiff") is an individual residing in Southfield, Oakland County, Michigan.

3. Tom's Transplanting L.L.C., ("Tom's Transplanting") is a Nebraska limited liability company with its principal place of business located in Grand Island, Nebraska.

4. John C. Czarnek ("Czarnek") is an individual residing in St. Paul, Nebraska.

5. Grand Island Express, Inc., ("Grand Island Express") is a Nebraska corporation with its principal place of business located in Grand Island, Nebraska.

6. Grand Island Express is joined solely for subrogation purposes under Neb. Rev. Stat. § 48-118. Grand Island Express has been provided statutory notice of this claim

1

as required under Neb. Rev. Stat. § 48-118.01. Grand Island Express substantively responded to the statutory notice before the end of the 30-day statutory period.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000 as to Plaintiff, exclusive of costs and interest.

8. Venue in the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

9. The provisions of 49 C.F.R. §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Tom's Transplanting and Czarnek were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

10. At approximately 5:30 a.m. on December 18, 2016, Plaintiff was operating a semi-tractor and trailer northbound on Stuhr Road near Swift Road in Grand Island, Nebraska.

11. At all times relevant to this action, Plaintiff was acting in the course and scope of his employment with Defendant Grand Island Express.

12. Plaintiff's semi-tractor and trailer hit a pothole or similar defect in the roadway at which time the semi's instrument panel indicated the trailer had detached from the tractor in some way forcing Plaintiff to stop his semi-tractor and trailer in the southbound lane of traffic.

13. Plaintiff immediately activated the hazard warning signal flashers on his tractor/trailer, which would have been clearly visible to southbound traffic.

14. Plaintiff then exited the semi's cab and walked to check on the status of the semi-tractor and trailer.

15. At approximately the same time Plaintiff was assessing the condition of his semi-tractor and trailer, Defendant Czarnek was operating a Kenworth T80 semi-tractor and trailer (the "Defendants' semi-tractor") southbound on Stuhr Road approaching the location of Plaintiff's semi-tractor.

16. Defendants' semi-tractor was owned by Tom's Transplanting and Defendant Czarnek was operating the semi-tractor in the course and scope of his employment with Tom's Transplanting.

17. As Plaintiff walked along the driver's side of his trailer in plain view of oncoming southbound traffic to return to his tractor cab, Defendants' semi-tractor struck Plaintiff (the "Collision").

18. The location where Plaintiff was walking at the time of the collision was lit up by overhead street lights.

19. As a proximate result of being struck, Plaintiff sustained injuries to his left leg and left shoulder.

**FIRST THEORY OF RECOVERY: NEGLIGENCE**

20. Plaintiff incorporates paragraphs 1-19 into this theory of recovery.

21. Defendant Czarnek owed several duties to Plaintiff, including, but not limited to:

a. Keeping a proper lookout;

b. Traveling at a speed reasonable for the conditions;

c. Failing to yield or otherwise appropriately respond to another vehicle stopped on the roadway with its hazard warning signal flashers activated.

22. Defendant Czarnek breached one or more of the duties identified above.

23. Defendant Czarnek's breach was the direct and proximate cause of Plaintiff being struck by Defendants' semi-tractor;

24. Defendant Czarnek's negligence was the direct and proximate cause of Plaintiff's injuries and damages described in more detail below.

## SECOND THEORY OF RECOVERY: IMPUTED LIABILITY

25. Plaintiff incorporates paragraphs 1-24 into this theory of recovery.

26. At the time Plaintiff was struck, Defendant Czarnek was operating Defendants' semi-tractor within the course and scope of his employment with, or was otherwise acting as an agent for Defendant Tom's Transplanting.

27. Defendant Czarnek's negligence is imputed to Defendant Tom's Transplanting.

## DAMAGES

28. Plaintiff incorporates by reference paragraphs 1 through 27 and further states:

29. As a proximate result of being struck by Defendants' semi-tractor, Plaintiff sustained injuries to his left leg and left shoulder, some of which injuries are permanent; incurred medical expenses in an amount not less than $2,000,000 and will be required to seek medical care and attention in the future; incurred lost income in an amount not less than $100,000; suffered a diminution of his future earning capacity in an amount that is yet to be determined; and suffered physical pain, mental suffering and inconvenience, said physical pain, mental suffering and inconvenience being likley to continue for the balance of Plaintiff's life.

4

**PRAYER**

WHEREFORE, Plaintiff prays for a judgment against Defendants for:

A. Special damages related to the injuries sustained by Plaintiff in an amount not less than $2,100,000;

B. General damages related to the injuries sustained by Plaintiff as provided by law, including but not limited to the nature and extent of Plaintiff's injuries and their permanency, and the physical pain, mental suffering and inconvenience endured by Plaintiff due to his injuries to date and likely to continue in the future;

C. Interest at the maximum legal rate from the date of judgment until the judgment is paid in full; and

D. The taxable costs of this action.

DATED October 22, 2020.

          EDWARD M. TOWNS, Plaintiff

By: REMBOLT LUDTKE LLP
    1128 Lincoln Mall, Suite 300
    Lincoln, NE 68508
    (402) 475-5100
    pwegman@remboltlawfirm.com
    mrichardson@remboltlawfirm.com

By: /s/ Mark R. Richardson
    Peter C. Wegman (#16685)
    Mark R. Richardson (#24719)
    Sami D. Schmit (#26854)

By: Ronald L. Brown (#15354)
    11640 Arbor Street, Suite 203
    Omaha, NE 68144
    (402) 932-7555

4832-1654-7790, v. 2